UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICHARD E.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No.:  3:26-cv-3569-DDL

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

**[Dkt. No. 2]**

On June 15, 2026, Plaintiff Richard E. ("Plaintiff") initiated this action against the Commissioner of Social Security, seeking judicial review of a final adverse decision of the Commissioner. Dkt. No. 1. On June 16, 2026, Plaintiff filed an application to proceed in this matter in forma pauperis ("IFP"), which is presently before the Court. Dkt. No. 2.

This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Instead, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing

*Adkins*, 335 U.S. at 339). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id*. (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981)).

Plaintiff avers that he has been unemployed for the last two years. Dkt. No. 2 at 2. Plaintiff reports no income other than public assistance and EBT, which total $476 per month. *Id*. at 1-2. Plaintiff states that he has $60 in cash and has no house, automobile, or bank account. *Id*. at 3. Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that he lacks the financial resources to pay the filing fee. Accordingly, Plaintiff's Application to Proceed in forma pauperis [Dkt. No. 2] is **GRANTED**.

Where the Court grants a litigant permission to proceed in forma pauperis, it must also screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an IFP complaint if it fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See id*. Rule 2(b) of the Supplemental Rules for Social Security Actions sets forth additional pleading requirements for a Social Security complaint. *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E). The Court has carefully reviewed Plaintiff's complaint and finds it satisfies these pleading requirements, states a plausible claim for relief, and is neither frivolous nor malicious. Accordingly, the Complaint survives screening, and the action may proceed.

**IT IS SO ORDERED.**

Dated: June 23, 2026

_David Leshner_

_____

Hon. David D. Leshner
United States Magistrate Judge

2

26-cv-3569-DDL